UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JIMMY GOODGAME d/b/a | ) | |
| CLIPPERS BARBERSHOP, et al., | ) | Case No. 1:09-CV-00920 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | JUDGE ANN ALDRICH |
| v. | ) | |
| | ) | |
| STATE FARM FIRE AND CASUALTY | ) | |
| COMPANY, | ) | MEMORANDUM AND ORDER |
| | ) | |
| Defendant. | ) | |

Before the court is defendant State Farm Fire and Casualty Company's ("State Farm") motion

for summary judgment [dkt 21]. Plaintiff Jimmy Goodgame ("Goodgame") has not filed a response.

For the following reasons, the court grants State Farm's motion for summary judgment.

I.   **BACKGROUND**

This action was removed from state court on April 22, 2009 and invokes this court's diversity

jurisdiction pursuant to 28 U.S.C. § 1332(a) [dkt. 1]. Plaintiffs Goodgame and Louie Moore were the

owners of Clippers Barbershop located in East Cleveland. Goodgame purchased two identical business

insurance policies from State Farm, with effective dates of July 27, 2006 through July 27, 2007 and

November 9, 2007 through November 9, 2008, respectively. The policies provide for loss of business

personal property, loss of income and professional liability.

Goodgame alleges that "[o]n or about March 17, 2007 a robbery occurred at the Clippers

Barbershop facility resulting in damage to personal property, loss of inventory and loss of income" and

that on "March 23, 2008, a break-in to [sic] occurred at the Clipper's Barbershop facility resulting in

damage to personal property, loss of inventory and loss of income." [Dkt. 1-1, at 2].

Goodgame claims that "[a]fter conducting a cursory investigation of each loss, Defendant State Farm has failed to pay for any of the submitted damages and/or loss and or property damages and have constructively denied coverage to Plaintiffs, effectually in correspondence from State Farm's agent, G. Michael Curtin." [Dkt. 1-1 at 2]. Consequently, Goodgame's five-count complaint seek damages for: (1) breach of contract; (2) bad faith; (3) intentional infliction of emotional distress; (4) breach of fiduciary duties; and (5) fraud and misrepresentation

In its answer State Farm claims that (1) Goodgame has failed to attach a copy of the applicable contract of insurance to their complaint as required by Ohio Rules of Civil Procedure; (2) Louie Moore is not an insured party under the policy; (3) Goodgame failed to cooperate with reasonable requests made by State Farm; and (4) Goodgame's complaint is barred or estopped by the insurance policy. [Dkt. 4].

On January 15, 2010 State Farm filed its motion for summary judgment. Goodgame has failed to respond.

## II.    LAW AND ANALYSIS

### A.    Standard of Review

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). In determining whether a genuine issue of material fact exists, this court must view the evidence in a light most favorable to the nonmoving party. See *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970); *Hamby v. Neel*, 368 F.3d 549, 556 (6th Cir. 2004). Determination of whether an issue is genuine requires consideration of the applicable evidentiary standards. Thus, in most civil cases, the court must decide whether the evidence

is such that "reasonable jurors could find by a preponderance of the evidence that the [non-moving party] is entitled to a verdict" or whether the evidence is "so one-sided" that [the moving party] must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (U.S. 1986). In addition, a fact is material only if its resolution will affect the outcome of the lawsuit. *Id*.

As the moving party, State Farm bears the burden of demonstrating the absence of genuine issues of material fact on Goodgame's claims. See *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986). The "party opposing the motion for summary judgment bears the burden of responding only after the moving party has met its burden of coming forward with proof of the absence of any genuine issues of material fact." *Id*. at 322.

Summary judgment is appropriate whenever the non-moving party fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex*, 477 U.S. at 322. Moreover, "the trial court no longer has a duty to search the entire record to establish that it is bereft of a genuine issue of material fact." *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479-80 (6th Cir.1989) (*citing Frito-Lay, Inc. v. Willoughby*, 863 F.2d 1029, 1034 (D.C.Cir.1988)). The nonmoving party is under an affirmative duty to point out specific facts in the record as it has been established which create a genuine issue of material fact. *Fulson v. City of Columbus*, 801 F.Supp. 1, 4 (S.D.Ohio 1992). The non-movant must show more than a scintilla of evidence to overcome summary judgment; it is not enough for the non-moving party to show that there is some metaphysical doubt as to material facts. *Id*.

Where the non-moving party does not respond, Federal Rule of Civil Procedure 56(e)(2) provides that:

> ***Opposing Party's Obligation to Respond.*** When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must--by affidavits or as otherwise provided in this rule--set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party.

Here, Goodgame has not responded to State Farm's motion for summary judgment.

### B.      Breach of Contract, Bad Faith, and Breach of Fiduciary Duty

State Farm argues that Goodgame "is not entitled to coverage . . . because they failed to cooperate with State Farm's investigation" and thus "State Farm is entitled to summary judgment on Plaintiff's claims for breach of contract, bad faith, and breach of fiduciary duty." [Dkt. 21, at 7]. Because "there is no genuine issue as to any material fact" and State Farm "is entitled to judgment as a matter of law," summary judgment is granted to State Farm on Goodgame's claims for breach of contract, bd faith, and breach of fiduciary duty.  F.R.C.P. 56(c)(2).

The insurance policy at issue is a contract, the interpretation of which is governed by state law. Because the policy was issued in Ohio to an Ohio resident, the contract is governed by Ohio law.  *Bank of N.Y. v. Janowick*, 470 F.3d 264, 271 (6th Cir. 2006).  "Where the contract language is clear and unambiguous, courts must enforce the contract was written and give the words their plain and ordinary meaning."  *John Gaston v. Allstate Ins. Co.*, (N.D. Ohio 2008) 2008 WL 57165245, at *2.

"When . . . cooperation is a policy condition, and an insured fails to comply, the insurer may be relieved of further obligation with respect to a claim with which the insured did not cooperate."  *Gabor v. State Farm Mut. Auto. Ins. Co.*, 66 Ohio App. 3d 141, 143 (8th Dist.) (citations omitted).  The insurer must establish "that the failure to cooperate was material and substantial, and resulted in prejudice to the insurer's rights."  *Gaston*, at *3.

-4-

Here, it is undisputed that Goodgame failed to cooperate with State Farm in its investigations of the claims.  See dkt. 21, at 3-7.  Accordingly, the court finds that Goodgame failed to cooperate with the investigation as requested by the policy and that this failure was a material and substantial breach of Goodgame's obligations under the policy.

The court in Gaston recently addressed a substantially similar bad faith claim.  The court reasoned that:

> In Ohio, "an insurer has a duty to act in good faith in the processing and payment of the claims of its insured." *Staff Builders, Inc. v. Armstrong*, 37 Ohio St.3d 298, 302, 525 N.E.2d 783 (1988). "[A]n insurer fails to exercise good faith in the processing of a claim of its insured where its refusal to pay the claim is not predicated upon circumstances that furnish reasonable justification therefor." *Zoppo v. Homestead Ins. Co.*, 71 Ohio St.3d 552, 554, 644 N.E.2d 397 (1994). In this case, Allstate was justified in denying Plaintiff's claim because, as explained previously, Plaintiff materially breached his obligations under the policy by failing to cooperate with Allstate's investigation. Accordingly, Allstate is entitled to summary judgment on Plaintiff's bad faith claim.

Gaston, at *5.

Similarly, Goodgame breached its obligation under the policy to cooperate with State Farm's investigation.

Finally, where the court determines that "there was no obligation to pay for the disputed [claim] . . . there [can] be no breach of fiduciary duty."  *Red Head Brass, Inc. v. Buckeye Union Ins. Co.*, 135 Ohio App. 3d 616, 632 (9th Dist. 1999).  As the court has found State Farm had no obligation to pay, there is no breach of fiduciary duty.

Accordingly, the court grants summary judgment to State Farm on Goodgame's breach of contract, bad faith, and breach of fiduciary duty claims.

### C.      Intentional Infliction of Emotional Distress

Goodgame alleges that State Farm is liable for intentional infliction of emotional distress because of its failure to pay under the insurance policy for Goodgame's losses.

Under Ohio law, in order to recover on an action for intentional infliction of emotional distress, Goodgame must prove four elements:

> 1) that the actor either intended to cause emotional distress or knew or should have known that actions taken would result in serious emotional distress to the plaintiff; 2) that the actor's conduct was so extreme and outrageous as to go "beyond all possible bounds of decency" and was such that it can be considered as "utterly intolerable in a civilized community,"; 3) that the actor's actions were the proximate cause of plaintiff's psychic injury; and 4) that the mental anguish suffered by plaintiff is serious and of a nature that "no reasonable man could be expected to endure it."

*Pyle v. Pyle*, 11 Ohio App. 3d 31, 34 (1983) (internal citations omitted).

As there is no evidence on the record to support this claim, and as the court has found that State Farm is not liable for breach of contract, summary judgment for State Farm is appropriate as a matter of law.

### D.    Fraud and Misrepresentation

Goodgame alleges that State Farm "knowingly misrepresented that a one year statute of limitations applied to this matter, in contravention of state statute and law" and that it "maliciously modified or added terms and conditions not contained within the policy in an effort to withhold benefits from the Plaintiffs, in contravention of state statue and law." [Dkt. 1-1, at 8].

As Goodgame has put forth no evidence to support this claim, and in light of the undisputed facts in this case, the court finds that summary judgment for State Farm is appropriate as a matter of law.


### III.    CONCLUSION

For the reasons discussed above, the court grants State Farm's motion for summary judgment. Goodgame's complaint is hereby dismissed.

        /s/*Ann Aldrich*
ANN ALDRICH
UNITED STATES DISTRICT JUDGE

**Dated:** March 4, 2010